767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM COLLINS, PLAINTIFF-APPELLANT, (82-3451)
CROSS-APPELLEE, 982-3463, 82-3480)
v.
TEAMSTERS LOCAL UNION NO. 284, DEFENDANT-APPELLEE, (82-3451,
82-3480) CROSS-APPELLANT, (82-3463)
THE DISPATCH PRINTING COMPANY, DEFENDANT-APPELLANT,
(82-3480) DEFENDANT-APPELLEE, (82-3463).
 NOS. 82-3451, 82-3463, 82-3480
 United States Court of Appeals, Sixth Circuit.
 6/10/85
 
 S.D.Ohio
 AFFIRMED
 On Appeal From The United States District Court for the Southern District of Ohio
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case comes to us on appeal from a judgment entered on June 18, 1982 in favor of appellees Dispatch Printing Company (employer) and Teamsters Local Union No. 284 (union), of which appellant, William E. Collins, was a member. Collins brought this action pursuant to section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, alleging denial of certain seniority rights which violated a collective bargaining agreement between the Printing Company and the Union. Mr. Collins also claimed that the union failed to properly pursue his grievance regarding seniority rights and thus breached its duty of fair representation. Mr. Collins sought restoration of seniority rights and status and lost wages for overtime pay.
 
 
 2
 Mr. Collins filed his complaint in the Court of Common Pleas of Franklin County, Ohio on September 5, 1979. It was removed to the Federal District Court for the Southern District of Ohio on October 4, 1979. In March, 1980 both the Union and the Company filed motions to dismiss based in large part on a questin of the appropriate statute of limitations applicable to an appeal of union rulings. These motions were overruled on May 8, 1981, and the matter set for first pre-trial on June 22, 1981. At the final pre-trial on October 1, 1981, based on United Parcel Services v. Mitchell, 101 S.Ct. 1559 (1981), decided in the interim between the ruling on the motions and the final pre-trial, both appellees requested and were granted the right to file another motion to dismiss based on the statute of limitations as construed in Mitchell. In February, 1982, the district court overruled these motions and set the matter for trial.
 
 
 3
 The case proceeded to trial before a jury on April 5, 1982, at which time a verdict was rendered for appellant against both the Company and the Union. Appellees had moved for directed verdicts at the close of appellant's proof and after the close of all proofs. All of these motions were denied and judgment entry was filed on April 7, 1982.
 
 
 4
 On April 14, 1982, the Company filed a motion for a new trial and judgment notwithstanding the verdict. Again, a decision decided in the interim, formed the basis for the lower court's decision. Badon et al. v. General Motors Corp. et al., No. 80-1730 (6th Cir. May 25, 1981), decided some seven weeks after the trial was interpreted to bar Mr. Collins action as untimely. The motion for a new trial was denied and the district court sustained the motion for judgment notwithstanding the verdict. Judgment in appellees' favor was accordingly entered on June 18, 1982. For the reasons stated below, we affirm the ruling of the district court.
 
 
 5
 Appellant was hired as a fork lift mechanic by The Dispatch Printing Company on February 2, 1970 and worked as the sole mechanic at defendant company's Sycamore Street newsprint warehouse on a five-day shift. In January, 1971 one Mr. Sheppard was hired as a garage mechanic and given a six-day week at the company's Grant and Beck Street facility. Appellant promptly filed a grievance on January 15, 1971 to protest the hiring of Sheppard to work a six-day week. Appellant met with representatives of the company and union later in that same month to discuss his grievance.
 
 
 6
 In November, 1972, appellant filed a second grievance raising this same matter. As a result, appellant met with the company and the union again on November 16, 1972, and it was decided that appellant would have a sixth work day whenever three or more roll trucks were on the road. No formal disposition appears to have been made of the two grievances. Appellant told Ray Finnerty, who had represented the union at the November, meeting that he was not fully satisfied with the arrangement. Nevertheless, appellant took no further action, either by complaining to Mr. Finnerty or filing a complaint with the executive board of the local union. As he explained at deposition, 'I was satisfied, I was working days, I was getting my vacation when I wanted it, and I was working six days. I was getting whatever the guys were getting.' Jt. App. at 165.
 
 
 7
 In 1976 the company undertook a program to lease fork lifts with outside maintenance and abolished appellant's job. Appellant accepted transfer to the facility at Grant and Beck Streets, where his senority was commenced from the date of transfer. Because of lost seniority, appellant was subsequently unable to claim a six day week, and could not take vacation on the dates of his first choice.
 
 
 8
 On October 24, 1977 plaintiff filed a third grievance, claiming that he never received an answer from the grievance of November 16, 1972. The union refused to process this grievance. Appellant then instituted this lawsuit. The United States Supreme Court opinion in DelCostello v. International Brotherhood of teasmsters, 103 S.Ct. 2281 (1983) is directly applicable to the instant case. In DelCostello, the Court determined the statute of limitations that should apply to a suit brought under Section 301 of LMRA by an employee alleging that the employer breched a collective bargaining agreement and that the union breached its duty of fair representation by mishandling ensuing grievance and arbitration proceedings. The Court held that both the claim against the employer and the union in such a Section 301 action should be governed by the six-month limitation period in Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The instant case, which is precisely the type of action addressed in DelCostello, is also governed by the six month NLRA limitations period.
 
 
 9
 Applying this limitation period to appellant's claims, it is clear that the suit is patently untimely. Prior to October 24, 1977, the date that appellant filed his latest grievance, the union had expressly apprised appellant that it would not process his complaint. Consistent with its position, the union did not undertake to process the grievance when it was filed. The union's decision not to process the grievance was a final and binding resolution under the contractual grievance procedure. As the district court recognized, a union's failure or refusal to file or process an employee's grievance is just as final and binding as an adverse arbitration award.
 
 
 10
 Thus, from October 24, 1977, when the union apprised appellant that it would not process his grievance, appellant had sixty days to institute a suit under Section 301. Plaintiff filed instant the action on September 5, 1979, more than two years after the union refused to process his grievance under the contractually established grievance procedures. Under DelCostello therefore appellant's suit is clearly untimely. The district court held that appellant's suit was time-barred under the Supreme Court's decision in United Parcel Servcie v. Mitchell, 451 U.S. 56 (1981) (applying state limitations period for actions to vacate arbitration awards to Section 301 suits). DelCostello, which modififed Mitchell, does not alter the properiety of the district court's holding. Appellant's suit is patently untimely under Ohio's 90 day limitations period for actions to vacate arbitration awards or under the six month NLRA limitation period.
 
 
 11
 Finally, under this Court's ruling in Smith v. General Motors, 747 F.2d 372 (6th Cir. 1984) (en banc), the six month statute of limitations will be applied retroactively to all Section 301 cases which, like this one, were pending when the Supreme Court decided DelCostello.
 
 
 12
 Accordingly, the ruling of the Honorable Joseph P. Kinneary is hereby affirmed.